MARY EMMA WYCKOFF v. SETH W. SCOFIELD et al.

In the Matter of the Petition of WILLIAM S. MADDOCK.

A receiver of rents and profits appointed in a foreclosure suit has no power without the order of the court to lessen the fund in his hands by expenditures for repairs.

*It seems,* that, if necessary for the preservation of the property, the court may direct the expenditure.

A receiver of rents and profits was appointed in an action to foreclose a mortgage upon premises in the city of New York. In consequence of an excavation upon an adjoining lot the wall of the building upon the mortgaged premises became unsafe, and the inspector of buildings gave notice to the owner of the equity of redemption and the receiver to make

the same secure. They failing to do this, M., the owner of the adjoining lot, under the authority of the inspector, furnished the materials and did the work, and then applied to the court for an order directing the receiver to pay the expense out of the rents and profits, which was denied. *Held,* that the matter was entirely within the discretion of the court below, and its determination was not reviewable here.

Also *held,* that no right of compensation at the hands of the receiver was given to M. by the provision of the New York Consolidation Act (§ 473, chap. 410, Laws of 1882), which provides that where an excavation is made upon a lot in the city endangering a wall upon adjoining land, and the person whose duty it is to preserve and protect it fails to do so after notice, the department may make the same secure at the expense of the owner of the wall, and authorizes the person doing the work by direction of the department to recover of the owner for the work and materials; that said act did not cast upon the receiver the duty of protecting the wall.

(Argued October 7, 1886; decided December 17, 1886.)

APPEAL from an order of the General Term of the Superior Court of the city of New York, made April 12, 1886, which affirmed an order of Special Term denying a motion on the part of William S. Maddock, the appellant, for an order requiring the receiver appointed herein to pay out of the funds in his hands to said Maddock the sum of $395. (Reported below, 21 J. & S. 237.)

This action was brought to foreclose a mortgage upon premises known as No. 367 West Twenty-third street, in the city of New York, of which defendant Scofield was the owner.

Daniel J. Noyes was appointed receiver of the rents and profits accruing therefrom during the pendency of this action. At the same time said Maddock owned the adjoining premises, No. 365. In consequence of an excavation upon this lot, the wall of No. 367 was made unsafe. The inspector of buildings gave notice to the owner and the receiver to make the same secure, and they failing to do so, Maddock, under the authority of the inspector, furnished the materials and did the work, and then applied to the court for an order directing the receiver to pay from the rents and profits $395, expended for that purpose.

*Lemuel Skidmore* for appellant. The petitioner, by the

entry of the order of reference in his behalf, upon consent of the parties, became a *quasi* party to this action and his rights can and ought to be determined therein. (*Rollwagen* v. *Powell*, 8 Hun, 214.) Upon general principles of equity the receiver is the hand of the court and his possession is the possession of the court. (High on Receivers, art. 134, p. 89; *Foster* v. *Townsend*, 68 N. Y. 206; *Cary* v. *Long*, 43 How. 498.) Had the receiver applied to the court for permission to take the necessary measures to support the wall, the court would have ordered him to do so, or had the receiver done the work and paid for it, the court would have sanctioned such payment. (High on Receivers, art. 650, p. 424; id., art. 180, p. 122; *Green* v. *Bostwick*, 1 Sandf. Ch. 186.) The court, having taken possession of the property for the benefit of all parties concerned, is bound in good conscience to provide against its destruction, and this obligation would extend to compensation of the adjoining owners for moneys necessarily laid out upon it in a case of pressing emergency where there was no time to apply to the court for directions. (*Hoover* v. *Montclair R. R. Co.*, 24 N. J. Eq. 4; *Jerome* v. *McCarter*, 4 Otto [U. S.], 738.) The petitioner's right to compensation is established by statute. (Laws of 1882, chap. 410, § 473; *Smith* v. *Thackerah*, L. R., 1 C. B. 564.) The word "owner," in section 473, of the New York Consolidation Act of 1882 is a general word, and should be construed liberally in the interests of public safety. It has been held in similar statutes to embrace a tenant occupying premises. (*Woodward* v. *Billerica Highway Board*, L. R., 11 Ch. Div. 214.) This application was properly made in the action in which the receiver was appointed. (*Galster* v. *Syr. Savgs. Bk.*, 29 Hun, 594.) The practice of appointing a receiver of rents and profits of mortgaged premises upon application of the mortgagee in an action to foreclose the mortgage is not founded upon statute, but upon general principles of equity. (*Astor* v. *Turner*, 11 Paige, 436.)

*Samuel A. Noyes* for the receiver, respondent. The receiver was not the proper person to be notified to protect the wall.

The notice should have been served on the owner. (Laws of 1882, chap. 410, § 473.)

DANFORTH, J. It does not appear upon what ground the receiver was appointed, but it may be assumed that the premises were an inadequate security for the mortgage debt, or that the rents were expressly pledged for its payment; but for whatever cause, it is plain the receiver had no power to lessen the fund to which the plaintiff had a right to resort. Such directions might have been given by the court if necessary for the preservation of the property. It was not applied to. The expenses were not incurred nor the repairs made with its permission, and whether, having been made, the court should allow its receiver to reimburse the contractor, was a matter entirely within its discretion, and from its determination no appeal will lie to this court.

The appellant, however, asserts that his right to compensation is given by section 473 of the act of 1882, chapter 410, known as the New York Consolidation Act. It is there provided that whenever there shall be an excavation upon any lot of land in the city of New York, and a party or other wall on adjoining land, standing upon, or near the boundary line, if the person whose duty it shall be to preserve and protect said walls from injury shall neglect or fail so to do after notice from the fire department, the department may take such steps as in its judgment may be necessary to make the same secure, " at the expense of the person or persons owning said wall or building of which it may be a part, and any person or persons doing the said work or any part thereof, under and by direction of said department, may bring and maintain an action against the owner or owners, or any one of them, of the said wall or building of which it may be a part, for any work done or materials furnished in and about the said premises in the same manner as if he had been employed to do the said work by the owner or owners of the said premises."

It may be said that it was the duty of the owner of the lot No. 367 to protect the wall against the effect of the excavation,

but the statute is not broad enough to cast that duty upon others, certainly not upon the receiver, who can act only under the order of the court.

We think the petitioner failed to make out a case for the interposition of a court in equity, or a legal claim under the statute. The order appealed from should, therefore, be affirmed.

All concur.

Order affirmed.