---

### In re FISCHER.  (No. 7500.)

(Supreme Court, Appellate Division, First Department.   June 18, 1915.)

1. MORTGAGES ☞471—RECEIVERS—LIABILITY.

   A receiver of the rents of mortgaged premises pending foreclosure may not make repairs on the premises without authority of the court, and one injured by a defect in the premises may not sue the receiver in his official capacity, for neither he nor the funds in his hands are liable for the injuries.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1383, 1385; Dec. Dig. ☞471.]

2. RECEIVERS ☞174—APPLICATION FOR LEAVE TO SUE RECEIVER—DETERMINATION BY COURT.

   Where leave of the court is required to the bringing of an action against a receiver, and where, if leave be granted, the distribution of the fund in the hands of the receiver would be indefinitely postponed, the court may determine whether there is any liability for any act performed by the receiver in his official capacity which gives a cause of action against him, or which gives the party praying for leave to sue any right in any fund in the hands of the receiver.

   [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 333–343; Dec. Dig. ☞174.]

Appeal from Special Term, New York County.

Application by Annie Fischer for leave to sue Gilbert Ridler, receiver of the rents, issues, and profits of mortgaged premises. From an order denying the motion of the receiver to vacate an ex parte order granting leave to sue him as receiver, he appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Henry F. Miller, of New York City, for appellant.
Edward A. Scott, of New York City, for respondent.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

LAUGHLIN, J. In an action to foreclose a mortgage on premises Nos. 344 and 346 East Forty-Sixth street, borough of Manhattan, New York, appellant was duly appointed receiver of the rents, issues, and profits. During such receivership, Annie Fisher, claiming to have sustained personal injuries by reason of a defective condition of a stairway in the building on the premises No. 346 East Forty-Sixth street, sued the receiver and the owner of the premises. A motion was then made to punish her for contempt, for suing the receiver without leave of the court. When that motion was returnable, she made a counter motion for such leave nunc pro tunc. The motion to punish her was denied, but her further proceedings in the action against the appellant were stayed, and the motion for leave to sue the receiver nunc pro tunc was denied, but it appears by affidavit that this was done "without prejudice to any action that the plaintiff may subsequently take against the owner of the property, or the receiver herein." She then applied ex parte for leave to sue the receiver, and the motion was granted, and she served a summons and complaint. The appellant then moved, among other things, to have the order granting leave to sue him as receiver vacated. The motion was denied, and he thereupon appealed.

[1] The only basis for the order is allegations in the petition on which it was made that the receiver was in charge of the premises as such receiver, paid the janitors, made some repairs, and that the janitress was under his instructions, directions, and control. The liability is predicated on a charge that appellant allowed the tin nosing on one of the stairs, "which should have been corrugated," to become and remain smooth and slippery, in consequence of which it is claimed plaintiff slipped and fell, sustaining the injuries for which she seeks to recover. It is not charged that the receiver made any repair to this particular stair, or that he did anything during his receivership to render it unsafe. The theory on which it is sought to hold him and the funds received by him is that he should have caused repairs to be made. Manifestly the receiver is not liable for the injuries sustained, nor are the funds in his hands. His authority presumably was limited to collecting the rents, issues, and profits. He could make no repairs without the authority of the court, and such authority is not alleged. And since plaintiff has no right, title, or interest in or lien upon the fund in his hands, leave to sue him should not be granted.

[2] Ordinarily the question of liability would be left to be determined on the trial of the action, but where, as here, leave of the court is required, and if it be granted, the distribution of the fund would be indefinitely postponed, the court may properly consider the question as to whether there is any liability for any act performed by the appellant in his official capacity which gives plaintiff a cause of action against the receiver in his official capacity, or gives plaintiff any right, title, or interest in or to, or lien upon, any moneys in the hands of appellant. Manifestly the plaintiff has no such cause of action or right.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

153 N.Y.S.—64