MAX LICHTENSTEIN, Respondent, *v.* WARD BELKNAP, Appellant.

(Supreme Court, Appellate Term, First Department, June, 1917.)

Receivers — of rents — authority of, in foreclosure action — liability of receiver — landlord and tenant — damages.

> The authority of a receiver of rents appointed in a foreclosure action is measured by the terms of the order appointing him.
>
> Where by an order appointing a receiver of rents in a fore-closure action the only authority given him to make repairs is to apply rents received to maintaining the premises in a tenant-able condition, he is entitled, in an action to recover damages to the goods of plaintiff, a tenant, alleged to have been caused by defendant's neglect to keep the roof in proper repair, to have the jury charged that the defendant receiver was liable for such failure only if he had received rents which could be applied to repairs.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, entered in favor of the plaintiff and from the order denying the defendant's motion to set aside the verdict and for a new trial.

Harold Swain (Hamilton C. Rickaby, Ralph W. Crolly, of counsel), for appellant.

Herman C. Pollack, for respondent.

LEHMAN, J.   The plaintiff has recovered a judgment for damages to his goods occasioned by a leak in the roof of a building in which he leased a loft.   It is claimed that these damages were caused by the negligence of the defendant in failing to keep the roof in proper repair.   The defendant is not the owner of the premises nor the landlord.   He is a receiver of the rents appointed by the Supreme Court in a foreclosure action.   The case was tried upon the theory that a receiver so appointed has control of the premises as if he were the owner and that he is personally liable for any acts which would constitute negligence on the part of an owner or landlord.   I can find no authority for such a rule of liability.   The defendant is liable as individual or as receiver only if he does some wrongful act.   He had no authority or control of the premises except as receiver.   As receiver he had no authority except as the order appointing him conferred such authority.   " He could make no repairs without authority of the court."   *Matter of Fischer,* 168 App. Div. 326.   The only authority to make repairs given by the court in the order is to apply rents received to maintaining the premises in a tenantable condition. If the defendant had no rents to apply to repairs he had neither authority nor duty as receiver to make such repairs and if no duty rested upon him as receiver to make repairs, then no liability can be imposed upon him as individual for failure to make them, for the defendant had no control over the premises except as receiver.

The defendant was, therefore, clearly entitled at

least to have the jury charged that he would be liable for failure to repair the premises only if he had received rents which could be applied thereto.

The defendant, however, urges that there were two causes of action pleaded by the plaintiff for damages caused by two successive leaks and that there is evidence to show that the second leak was due to negligence of the defendant in making repairs to the roof improperly. Unfortunately, however, the record does not show that the verdict of the jury is for damages only under the second cause of action nor did the court submit to the jury the question of defendant's liability upon the theory now urged or in fact differentiate between the two causes of action in that respect.

Judgment should, therefore, be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

Bijur and Ordway, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.