CUBAN-CANADIAN SUGAR COMPANY, S. A., Plaintiff, *v.* CHRISTINA ARBUCKLE and Another, Copartners Doing Business under the Firm Name and Style of ARBUCKLE BROTHERS and Another, Defendants.

Supreme Court, New York County, February 23, 1926.

Pleadings — complaint — action by plaintiff from whom defendants purchased consignment of sugar and agreed to cover shipment with policy of marine insurance — loss occurred and insurance carrier adjusting claim delivered check to defendants — complaint, reciting common set of facts in alternative either that defendants breached agreement to cover shipment or that they did not breach it, but jointly with insurance carrier converted proceeds of policy, sufficient under *Civil Practice Act*, §§ 211-213 — provisions of Civil Practice Act should be construed liberally.

In an action by the plaintiff, from whom defendants purchased a consignment of sugar under a contract by which the defendants agreed to cover the shipment

by a policy of marine insurance, plaintiff, under sections 211–213 of the Civil Practice Act, properly demanded judgment in the alternative for the conversion of the check delivered to defendants by the insurance company adjusting the loss of the cargo, if it be found that the plaintiff was covered by the policy and that a check was given to defendants beneficially for plaintiff, or, if plaintiff was not covered by the policy, on the theory that defendants had breached the agreement to cover by insurance, since plaintiff's complaint discloses a common set of facts in the alternative either that defendants breached the agreement to cover the shipment with insurance, or that defendants did not breach the agreement, but jointly with the insurance company converted the proceeds of the policy held for plaintiff's benefit.

Section 211 of the Civil Practice Act should be construed with reasonable liberality to the end that a plaintiff, situated as the plaintiff here is situated, may present his claim fully and obtain adjudication on the merits in accordance with the evidence as it may develop upon the trial.

MOTION by defendants to compel separate statement of two causes of action claimed to be contained in the third cause of action.

*Rounds, Dillingham, Mead & Neagle,* for the plaintiff.

*Bingham, Englar & Jones* [*Charles F. Quantrell* of counsel], for the defendants.

PROSKAUER, J.   Plaintiff's allegations are that Arbuckle Brothers bought sugar from the plaintiff; that the contract contained a clause requiring the buyers to cover with marine insurance; that a loss occurred; that the loss was adjusted by the defendant insurance company under general policies held by Arbuckle Brothers; that a check for the adjusted loss was delivered by the insurance company to Arbuckle Brothers; that Arbuckle Brothers returned the check and that both Arbuckle Brothers and the insurance company claim that plaintiff was not covered by the insurance policy.   Plaintiff demands judgment in the alternative (1) for the conversion of the check if it be found that it was covered by the policy and that the check came to Arbuckle Brothers beneficially for it, or (2) if it was not covered by the policy, on the theory that Arbuckle Brothers had breached the agreement to cover by insurance.

The propriety of this pleading is sustained by sections 211 to 213 of the Civil Practice Act.   The criterion is whether a complete statement of all the pleaded facts does show an alternative liability against one or more defendants.   The lines of demarcation are well marked by *Ader* v. *Blau* (241 N. Y. 7, 16).   There the plaintiff's intestate was injured in an accident and the administrator brought one suit in the alternative against one defendant upon negligence in causing the accident and against a physician for negligent treatment of his injuries.   There were two separate distinct torts.

A complete statement of all the pleaded facts against the one defendant left no possible inference against the other defendant, the physician. On the other hand, a complete statement of every necessary pleadable fact against the defendant physician could have been made without including a single allegation against the other defendant. In holding this complaint bad, Chief Judge HISCOCK wrote: " Section 211 contemplates a case where a fundamental, common set of facts either entitles a plaintiff to relief against all the defendants even though such relief may be predicated upon different relationships or in the alternative against one of two or more defendants."

That is exactly the situation here. A common set of facts discloses in the alternative either that Arbuckle Brothers breached the agreement to cover with insurance, or that they did not breach it, but jointly with the insurance company converted the proceeds of the insurance policy held for the plaintiff's benefit. This case is brought squarely within the reasoning of Mr. Justice DOWLING in *Jamison* v. *Lamborn* (207 App. Div. 375). This salutary provision of the Civil Practice Act should be construed with reasonable liberality to the end that a plaintiff situated as here may present his claim fully and secure adjudication on the merits in accordance with the evidence as it develops upon the trial.

Motion denied.   Order signed.