ANNA M. BIRCH-FIELD and WILLIAM L. BIRCH-FIELD, Appellants, v. DAVENPORT SHORE CLUB, INC., Defendant, and WILLIAM WEISS, Individually and as Receiver of PAIN'S FIREWORKS, INC., Respondent.— Order dismissing complaint as against defendant William Weiss, as receiver, reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. There is but one cause of action pleaded as to Weiss, and the joining of defendant Weiss as receiver and individually was proper under sections 211 and 213 of the Civil Practice Act, as if the plaintiffs' cause of action be otherwise made out, he is liable either individually or as receiver, and this alternative liability makes proper the joinder in both capacities. (Ader v. Blau, 241 N. Y. 7, 13; Jamison v. Lamborn, 207 App. Div. 375; Cuban-Canadian Sugar Co., S. A. v. Arbuckle, 127 Misc. 64; Carmody N. Y. Pr. [1924 Supp.] § 175, p. 57.) If the accident complained of occurred during the carrying on of the business by the receiver under an order broad enough to authorize him to carry it on, then there would be no individual liability but merely liability as receiver. (Cardot v. Barney, 63 N. Y. 281.) If the order appointing the receiver did not authorize the carrying on of the activity during the course of which the accident occurred,

then Weiss would be liable individually. (*Kain* v. *Smith*, 80 N. Y. 458.) Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ., concur.