MICHAEL LICHTENSTEIN, Respondent, v. J. OHL, INC., and JOSEPH OHL, Appellants.— Order granting plaintiff's motion for injunction *pendente lite* and order denying defendants' motion to dismiss complaint affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

ARTHUR L. LIVERMORE, Plaintiff, v. PERCY N. FURBER, Respondent. ERNEST G. METCALFE, Appellant, and MAURICE E. DAVIS, Defendant.— Order denying motion of defendant Metcalfe for judgment on the pleadings against defendant Furber affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

AGNES MEEHAN, Appellant, v. ANTHONY J. KEENAN, as Executor, etc., of WILLIAM KEENAN, Deceased, Respondent.— Judgment and order reversed upon the law and a new trial granted, costs to appellant to abide the event. The declarations of defendant's testator, inconsistent with the testimony offered by plaintiff in support of her claim that she had entered into a contract with the decedent during his lifetime to keep house for him and render personal services in consideration of his devising to her a certain parcel of real property, received over plaintiff's objection that they were self-serving, were incompetent and their admission constitutes reversible error. It is obvious that, if William Keenan had not died and this action were brought against him personally, such declarations, not made in the presence of plaintiff, would be inadmissible either to prove that he had not made the contract as claimed by plaintiff or that he had made a contract with her but upon different terms. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

MODERN-SILVER LINEN SUPPLY CO., INC., Respondent, v. HARRY SALZBERG, Defendant. MORRIS I. RIEDERMAN, Appellant.— Order granting motion to punish defendant Riederman for contempt affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

CARMINE PERCIASEPE, Respondent, v. NATIONAL RESERVE INSURANCE COMPANY OF ILLINOIS, Appellant.— Order affirmed, with ten dollars costs and disbursements. No question of joinder of actions is involved herein. There is but a single cause of action stated in the alternative with respect to one defendant or the other and the liability as between these defendants is determined by the decision of a common question of fact. (*Ader* v. *Blau*, 241 N. Y. 7, 13; *Birch-Field* v. *Davenport Shore Club, Inc.*, 223 App. Div. 767; *Jamison* v. *Lamborn*, 207 id. 375; *Cuban-Canadian Sugar Co., S. A.*, v. *Arbuckle*, 127 Misc. 64; Carmody's N. Y. Pr. [1924 Supp.] § 175, p. 57.) Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur.

QUEENS BOULEVARD SYNDICATE, INC., Respondent, v. KEW GARDENS ENGINEERING CORPORATION and Others, Defendants. SMALL'S & STRAUSBERG'S QUEENS THEATRES, INC., Appellant.— Order reversed upon the law, with ten dollars costs and disbursements, and motion to strike out denied, with ten dollars costs. We are of opinion that the facts alleged in the second defense are sufficient to constitute a defense to the cause of action alleged by plaintiff in its complaint. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.