EQUITABLE LIFE ASSURANCE SOCIETY OF UNITED STATES, Plaintiff, *v.* NINSON REALTY CORPORATION, Defendant.

Matter of GLADYS SCHWARTZ and Others.

Supreme Court, Bronx County, January 17, 1934.

*Frederick Mellor* [*J. A. Keller* of counsel], for the receiver.

*Frank Rosenblum* [*Julius D. Tobias* of counsel], for the petitioner.

McLAUGHLIN, J.  This is a motion for an order vacating the *ex parte* order dated November 24, 1933, granting Mae Schwartz and Jack Schwartz leave to bring an action against Michael Erceg, as receiver, in the Supreme Court of the State of New York, to recover damages for personal injuries and loss of services.

The petition upon which the *ex parte* order is based shows that the claim for damages is based solely upon allegations of passive negligence on the part of the receiver.   It is alleged that he permitted a dangerous condition to exist on the staircase without repairing the same.   There is not a single affirmative act of negligence on the part of the receiver set forth in the petition.   It is not alleged that he made any repairs to the staircase or that he did anything during his receivership to render it unsafe.   A receiver in foreclosure is not liable for damages sustained by reason of his failure to make repairs. He is liable only for his affirmative acts of negligence.   (*Matter of Fischer,* 168 App. Div. 326; *Lichtenstein* v. *Belknap,* 100 Misc. 468.)

This question was recently passed upon by the Appellate Division, First Department. A reading of the papers on appeal and the briefs of counsel shows that court decided that a receiver in foreclosure cannot be held liable for passive acts of negligence. (*Woman's Hospital of the State of New York* v. *Loubern Realty Corporation*, 240 App. Div. 949.) Therefore, the motion to vacate the *ex parte* order granting leave to sue the receiver herein is granted. Settle order.