ANTHONY L. GABRIELE, Appellant, *v.* KENT REALTY Co., INC., Defendant, Impleaded with HELEN L. DUANE, as Receiver, Respondent.

Supreme Court, Appellate Term, Second Department, February 1, 1934.

*Charles H. Levy,* for the appellant.

*George B. Davenport,* for the respondent.

PER CURIAM.   Judgment unanimously reversed upon the law and new trial granted, with thirty dollars costs to appellant to abide the event.

It was error for the trial court to hold that a receiver of rents could in no event be held liable, as such, for the negligent acts or omissions of his agents.   Under certain circumstances there may be such liability.   This is necessarily shown by the fact that leave to sue such receivers has been granted, for if under no circumstances could they be made liable, leave to sue them would not have been given.   *(Krohn* v. *Silverman,* 240 App. Div. 911; *City Real Estate Company* v. *Realty Construction Corp.* [*Matter of Morgan*], Id. 1000.)

We think the following states the law as to such liability: A receiver of rents in a foreclosure action is liable, as such, for a negligent act done either by himself or by his agent, when committed in the performance of an act which he was authorized by the court to do.   (*Birch-Field* v. *Davenport Shore Club, Inc.,* 223 App. Div. 767.)

He is also liable for a negligent omission to do something which was likewise authorized.

The authority of the court may be given by a specific provision in an order or by the use of appropriate general language therein. Liability, as above, does not depend in either case upon the fact that the receiver is in funds, *i. e.,* that he has rents in hand sufficient to pay for the doing of the thing in question.

Such receiver is not liable in his official capacity either for the negligent doing of an act or for his omission to act when he has not been authorized by the court as above stated.   (*Matter of Fischer,* 168 App. Div. 326.)   In such a case the receiver is liable personally for a negligent act committed by himself or by his agent (*Birch-Field* v. *Davenport Shore Club, Inc., supra*), but he is not liable for merely failing to act.

The general rule regarding the liability of receivers for torts is different from that of trustees, executors and administrators.   The latter are liable personally and if held must seek recoupment upon the settlement of their accounts.   The former are liable only in their representative capacity.   There seems to be no sufficient reason for not holding the liability of a receiver of rents in a foreclosure action to be the same as that of other receivers.

If such receiver may be held liable in his official capacity for a negligent commission of an authorized act, he should likewise be held liable for a negligent omission or failure to act.   If he has been authorized to do something, there then is a duty resting upon him to do it, and for the negligent failure to perform that duty

liability should follow. As it is not, however, a personal duty, but only one imposed upon him in his official capacity, he cannot be charged personally.

There are decisions to the contrary, including a recent one by McLAUGHLIN, J., in *Equitable Life Assur. Soc.* v. *Ninson Realty Corp. (Schwartz)* (151 Misc. 195). The cases of *Matter of Fischer* (168 App. Div. 326) and *Lichtenstein* v. *Belknap* (100 Misc. 468), cited by him as authorities, however, do not seem to support his conclusion. In the *Fischer* case there was nothing to show that the receiver had been authorized to make repairs and so he was held not liable as such. The *Lichtenstein* case was against the receiver personally and not in his official capacity. What was said by the court there had reference to the claimed liability. The receiver's liability, as such, was not involved. The only other case relied upon is a recent one in the Appellate Division, First Department (*Woman's Hospital* v. *Loubern Realty Corp.*, 240 App. Div. 949). The report of that, however, shows that no opinion was rendered, and there is nothing in the decision to indicate the grounds for it. That a receiver, as such, may be liable for a failure to have repairs made is suggested by the decision in *City Real Estate Co.* v. *Realty Construction Corp.* [*Matter of Morgan*] (*supra*). No reason seems to exist for exempting a receiver, as such, from liability for a negligent omission to act, when under the same circumstances, had he acted negligently, he would have been liable.

Nor should it matter whether the receiver is in funds. Liability is not synonymous with ability to pay. Hence, it should not be conditioned upon the existence of funds in the receiver's possession. After the appointment of a receiver a tenant must pay rent to him and in return should have the right to require that the things which the landlord was obligated to do be done by the receiver.

If the court has not authorized the receiver to make repairs or do other things, the situation is very different. Then the fund in the receiver's hands cannot be charged. The court is theoretically in control of the money. In such an event a tenant might not be obliged to pay his rent and might vacate the premises, claiming to be released from the obligation of his lease. This right should follow where the tenant has been entitled to have the landlord care for certain portions of the building, or furnish heat, hot water or other things, and the receiver not being authorized by the court to do so, the tenant has been deprived of that care or service. Such facts might be the basis of a constructive eviction.

As the receiver's powers and duties in the matter of repairs are

derived from the court, there cannot be, in the absence of proper authorization, any liability against him as receiver either for failing to act or in acting negligently, but, in the latter case, he must be liable personally, as he did something he was not authorized to do and did it carelessly. Of course, leave to sue a receiver must be obtained from the court which appointed him. (Further discussion of these questions and other cases will be found in the report made in this case.)

All concur; present, CROPSEY, FABER and LEWIS, JJ.