ALTA HOLDING CO., INC., Plaintiff, *v.* NINSON REALTY CORPORATION and Others, Defendants.

In the Matter of the Application of ANNETTE PYSER and Another, Respondents, for Leave to Sue MICHAEL ERCEG, as Receiver of the Rents, Issues and Profits of 1515 Grand Concourse, Bronx County, New York, Appellant.

First Department, May 4, 1934.

*J. A. Keller* of counsel [*Frederick Mellor,* attorney], for the appellant, appearing specially.

*Leon Wasserman,* for the respondents.

MERRELL, J. This action was brought by plaintiff to foreclose a mortgage on premises situated at 1515 Grand Concourse, Bronx, N. Y. The appellant was appointed receiver of the rents and profits due and unpaid or to become due from said premises during the pendency of the action. The order appealed from was made

upon application of the petitioners, respondents, granting them leave to sue said receiver to recover damages for personal injuries and loss of services, the damages sought to be recovered occurring while the petitioners were tenants of said premises. It is claimed that said petitioner, Annette Pyser, sustained injuries by reason of a ceiling falling and striking her, and that Louis Pyser suffered loss of services arising from the injuries to his wife, which it is claimed resulted because of the negligence of the receiver in maintaining and failing to repair a defective ceiling after due notice of said defect had been given said receiver. After such permission to sue the receiver had been granted, a summons and complaint were served on the receiver in an action brought by the petitioners, respondents, in the Supreme Court, Bronx county, to recover for personal injuries by the wife and for loss of services by the husband. The court at Special Term below denied a motion made by the receiver to vacate and set aside said *ex parte* order granting leave to said Pysers to sue the receiver. We think the court below clearly erred in denying the receiver's motion to vacate said order. This very question was recently passed upon by this court in the case of *Woman's Hospital of State of New York* v. *Loubern Realty Corp.* (240 App. Div. 949). In that action Grace E. Secore had obtained an *ex parte* order granting leave to her to sue a receiver, appointed in a foreclosure action, for personal injuries and damages to property which, as in the case at bar, the said Grace E. Secore, in her petition, stated were sustained while she resided in the premises, by reason of a portion of a ceiling in one of the rooms in her apartment falling and injuring her. The plaintiff there alleged that the receiver negligently and carelessly permitted the ceiling in one of the rooms of her apartment to become out of repair and thus defective, and that said receiver had notice of such defective condition, and that the ceiling loosened and fell down injuring the plaintiff and damaging her property. Plaintiff alleged in that case that the damages resulted from the negligence and carelessness of the receiver in the management, maintenance and control of the premises. In that case a motion was made to vacate the order obtained by plaintiff permitting her to sue the receiver and to vacate and set aside all proceedings founded thereon. This motion was denied at Special Term and the receiver appealed to this court, where the order appealed from was unanimously reversed and the motion of the receiver to vacate granted. The decision of this court has been repeatedly followed by several decisions since made by justices of this Department presiding at Special Term, notably, *Equitable Life Assurance Society* v. *Ninson Realty Corp.* (151 Misc. 195). In that case

the Special Term held that the suit against the receiver was improper and granted a motion to vacate an *ex parte* order granting leave to the plaintiffs to sue the receiver. The decision of this court in *Woman's Hospital of State of New York* v. *Loubern Realty Corp.* (*supra*) is in accord with an earlier decision of this court in *Matter of Fischer* (168 App. Div. 326). There a receiver had been appointed in a foreclosure action. One Annie Fischer obtained leave *ex parte* to sue the receiver for personal injuries claimed to have been received by reason of a defective stairway in the mortgaged premises and sued the receiver and owner of the premises therefor. The receiver moved at Special Term to vacate the order granting leave to sue him and his motion was denied. Upon an appeal from the order denying the receiver's motion to vacate, this court reversed said order. Mr. Justice LAUGHLIN, writing for this court for reversal, said (at p. 327): " The only basis for the order is allegations in the petition on which it was made that the receiver was in charge of the premises as such receiver, paid the janitors, made some repairs and that the janitress was under his instructions, directions and control. The liability is predicated on a charge that appellant allowed the tin nosing on one of the stairs ' which should have been corrugated,' to become and remain smooth and slippery, in consequence of which, it is claimed, plaintiff slipped and fell, sustaining the injuries for which she seeks to recover. It is not charged that the receiver made any repair to this particular stair, or that he did anything during his receivership to render it unsafe. *The theory on which it is sought to hold him and the funds received by him is that he should have caused repairs to be made.* Manifestly, the receiver is not liable for the injuries sustained, nor are the funds in his hands. His authority presumably was limited to collecting the rents, issues and profits. He could make no repairs without the authority of the court, and such authority is not alleged. And since plaintiff has no right, title or interest in or lien upon the fund in his hands, leave to sue him should not be granted. Ordinarily the question of liability would be left to be determined on the trial of the action, but where, as here, leave of the court is required, and if it be granted the distribution of the fund would be indefinitely postponed, the court may properly consider the question as to whether there is any liability for any act performed by the appellant in his official capacity which gives plaintiff a cause of action against the receiver in his official capacity or gives plaintiff any right, title or interest in or to or lien upon any moneys in the hands of appellant. Manifestly, the plaintiff has no such cause of action or right." (Italics are the writer's.)

The policy of this court in the cases above cited has recently been consistently followed at Special Term in this jurisdiction, notably, in *Matter of Garvin* (N. Y. L. J. March 5, 1934) and in *Irving Savings Bank* v. *Soro Construction Corp.* (Id. Mar. 13, 1934).

The claim is not made in the case at bar that the receiver was guilty of any active or affirmative negligence. He is solely charged with passive negligence in not causing repairs to be made upon the alleged defective ceiling. The respondents rely upon the case of *Gabriele* v. *Kent Realty Co., Inc.* (150 Misc. 415), a decision of the Appellate Term, Second Department, which we do not follow. Whatever may have been the decision in the Second Department, there is no question that the policy of this court has been to deny a right of action for alleged negligence against a receiver appointed in a foreclosure action, in the absence of some showing that the receiver had been guilty of some act of affirmative negligence.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion made by the receiver in all things granted, with ten dollars costs to appellant against the petitioners, respondents.

FINCH, P. J., and MARTIN, J., concur; O'MALLEY and UNTER-MYER, JJ., dissent and vote for affirmance for the reasons stated in opinion by O'MALLEY, J., in *New York Life Ins. Co.* v. *Hazlitt Realty Corp.* (241 App. Div. 169), handed down herewith.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.