NEW YORK LIFE INSURANCE COMPANY, Plaintiff, *v.* HAZLITT REALTY CORPORATION and Others, Defendants.

In the Matter of the Application of MAX AARON, Appellant, for Permission to Sue HATTIE CONAY, as Receiver, Respondent.

First Department, May 4, 1934.

*Irving R. Kass,* for the appellant.

*William H. Chorosh* of counsel [*Emanuel D. Black* with him on the brief; *William H. Chorosh,* attorney], for the respondent.

PER CURIAM. For the reasons stated in the opinion in *Alta Holding Co., Inc.,* v. *Ninson Realty Corp.* (241 App. Div. 166), handed down herewith, the order should be affirmed, with twenty dollars costs and disbursements.

FINCH, P. J., MARTIN and TOWNLEY, JJ., concur; O'MALLEY and GLENNON, JJ., dissent and vote to reverse and grant the motion.

O'MALLEY, J. (dissenting). The question here involved is whether a receiver of real property in foreclosure may be sued by a tenant for acts of passive negligence, as distinguished from those of affirmative negligence.

In this Department it has been the general, if not the invariable rule, to deny such right. This practice has been founded upon the decision of this court in *Matter of. Fischer* (168 App. Div. 326). Such decision is also the basis of text book writers for a similar holding (1 Wiltsie Mort. Forec. [4th ed.] § 619, p. 792; 3 Jones Mort. [8th ed.] § 1951, pp. 435, 436).

*Matter of Fischer (supra)* proceeded, however, upon the theory that the authority of the receiver presumably was limited to collecting the rents, issues and profits, and without the authority of the court so to do, he could not make repairs. As such authority was not found in the record there presented, it was held that no cause of action or right had been set forth, and that, therefore, permission of the court to sue the receiver should not have been granted.

In this case, however, the order appointing the receiver authorized him to rent or lease any part of the premises and "to keep said premises in repair and insured." The receiver was further authorized "to employ such help and appoint such agents as may be necessary for the proper maintenance and superintendence of the property." Irrespective, therefore, of the provisions of rule 175 of the Rules of Civil Practice, the receiver herein had authority to properly maintain the property. Under such circumstances a tenant should receive permission of the court to sue the receiver for negligently failing to remedy defects when called to his attention.

Conditions with respect to this kind of receivership and economic conditions have materially changed, moreover, since the decision in *Matter of Fischer (supra)*. It is now the custom to give a receiver authority to maintain and repair at the outset as was done by the order of appointment herein. The court, moreover, may well take judicial notice that receiverships of this nature now continue for a longer period than was formerly the custom. Conditions are most unfavorable for an advantageous sale. It is generally to the

interest, not only of the owner of the equity, but also of the mortgagee and others concerned, to delay a sale and to endeavor otherwise to work a solution. Disinclination to resort to a sale is further increased by recent legislation respecting entry of judgment for a deficiency. (Civ. Prac. Act, §§ 1083-a and 1083-b, added by Laws of 1933, chap. 794.) The tenant meanwhile is held to strict performance on his part of the obligations under his lease which is not terminated until a sale (*Prudence Co. v. 160 West 73d Street Corp.*, 260 N. Y. 205; *Metropolitan Life Ins. Co. v. Childs Co.*, 230 id. 285.)

It is manifestly unfair, therefore, to deny a tenant the right to sue the receiver for passive acts of negligence. During the period of the receivership the owner is not liable for failure to repair conditions arising after the receiver has entered upon his duties. The owner has been deprived of control. It is an injustice, therefore, to deprive the tenant of rights under his lease — and in fact any remedy — while holding him strictly to his obligations. There seems, therefore, to be no valid reason for distinguishing between acts of passive and active negligence.

This is the conclusion recently reached by the Appellate Term in the Second Department in a well-reasoned opinion (*Gabriele v. Kent Realty Co., Inc.*, 150 Misc. 415). The Appellate Division of the Second Department is apparently of the same view (*City Real Estate Co. v. Realty Construction Corp.*, 240 App. Div. 1000; *Krohn v. Silverman*, Id. 911).

We are here concerned solely with the right to institute such an action. Questions relating to the lack of funds on the part of the receiver to make such repairs, the method of satisfaction of any judgment that might be had, and the conduct of the receivership are questions not here presented.

On the record here permission to sue the receiver herein in his representative capacity should have been granted.

It follows, therefore, that the order appealed from should be reversed, and the motion for leave to sue the receiver granted, without costs.

GLENNON, J., concurs.

Order affirmed, with twenty dollars costs and disbursements.