THE WOMAN'S HOSPITAL OF THE STATE OF NEW YORK, Plaintiff, *v.* LOUBERN REALTY CORPORATION et al., Defendants.

GRACE E. SECORE, Appellant; DANIEL GREENWALD, as Receiver, Respondent.

(Argued November 21, 1934; decided December 31, 1934.)

*Joseph L. Forscher, Nathan Silverman, Hymen Joseph* and *Aaron D. Samuels* for appellant. The receiver was under a duty to repair the premises. (*Matter of Fischer,* 168 App. Div. 327; *Lichtenstein* v. *Belknap,* 100 Misc. Rep. 468; *Altz* v. *Leiberson,* 233 N. Y. 16; *Prudence Co.* v. *160 West 73rd St. Corp.,* 260 N. Y. 205; *Cardot* v. *Barney,* 63 N. Y. 281; *Klinke* v. *Samuels,* 264 N. Y. 144; *Matter of People* [*Title & Mortgage Guarantee Co.*], 264 N. Y. 69; *Home Building & Loan Assn.* v. *Blaisdell,* 290 U. S. 398; *Adler* v. *Deegan,* 251 N. Y. 467.)

*Frederick Mellor* and *Jean A. Keller* for respondent. A receiver of rents and profits appointed in a mortgage foreclosure action is under no legal duty to make repairs without the direct order of the court. (*Ranney* v. *Peyser,* 83 N. Y. 1; *Wyckoff* v. *Schofield,* 103 N. Y. 630; *Morris* v. *City of New York,* 146 Misc. Rep. 36; *Campbell* v. *Elsie S. Holding Co.,* 251 N. Y. 446.) Neither the petition nor the complaint state a cause of action against the receiver. (*Woerishoffer* v. *North River Constr. Co.,* 99 N. Y. 398; *Walling* v. *Miller,* 108 N. Y. 173; *Kroner* v. *Reilly,* 49 App. Div. 41; *Kent* v. *West,* 16 App. Div. 496; *Taylor* v. *Baldwin,* 14 Abb. Pr. 166; *Matter of Fischer,* 168 App. Div. 326; *Lichtenstein* v. *Belknap,* 100 Misc. Rep. 468; *Cullings* v. *Goetz,* 256 N. Y. 287; *Grover* v. *McNeely,* 72 App. Div. 575.)

O'BRIEN, J. The petitioner Grace E. Secore occupied an apartment in a tenement house in New York city owned by Loubern Realty Corporation. On this property the Woman's Hospital held a mortgage, and, in an action

in foreclosure instituted by it, Daniel Greenwald was appointed receiver. An order at Special Term granted the petitioner leave to sue the receiver to recover damages for personal injuries and for damage to property sustained by her during the receivership. The receiver's motion to vacate that order was denied at Special Term, but the Appellate Division reversed and granted the motion. The appeal from that order is now before us.

The complaint alleges that the receiver, through his own negligence and carelessness and that of his agents in the management, maintenance and control of the premises, permitted the ceiling in petitioner's apartment to become so defective as to be dangerous; that through such negligence and carelessness plaintiff sustained injury to her person and damage to her property; that by the exercise of due diligence the receiver should have had notice of the defective condition of the premises, and that he did have due notice. Neither in the petition for leave to sue nor in the complaint appears any allegation that the receiver participated in any affirmative act of negligence. The complaint is based wholly on his passivity.

The appointment of the receiver was by an order which recites that he has the usual powers. He is " authorized " by that order to keep the premises in repair, but no withdrawals from the moneys received by him shall be made except as directed by the court or on a draft or check signed by the receiver and countersigned by the surety on his bond.

If no cause of action is alleged against a receiver, obviously no leave to sue him should be granted. In the first department the Appellate Division has ruled for many years that, where no assertion of affirmative negligence is made, leave to sue should be denied. (*Matter of Fischer*, 168 App. Div. 326; *Alta Holding Co.* v. *Ninson Realty Corp.*, 241 App. Div. 166.) In the second department the rule is different. (*City Real Estate*

*Co.* v. *Realty Const. Corp.*, 240 App. Div. 1000; *Krohn* v. *Silverman*, 240 App. Div. 911.) Generally, a receiver of rents and profits in a foreclosure suit has no power without order of the court to lessen the funds in his hands by expenditures for repairs (*Wyckoff* v. *Scofield*, 103 N. Y. 630), and an order which empowers him to keep buildings in repair is permissive only and not mandatory. (*Ranney* v. *Peyser*, 83 N. Y. 1, 5, 6.) Such authority as has been conferred upon him as an agent of the court imposes no duty to act in respect to making repairs.

The order should be affirmed, with costs.

POUND, Ch. J., CRANE, LEHMAN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Order affirmed.