CLARA MILLER, Respondent, v. LILLY SMITH, Appellant.— Action to recover damages against the owner of premises for injuries sustained by reason of a fall resulting from slipping upon a defective stair carpet. Judgment of the City Court of Yonkers for plaintiff and order denying motion to set aside the verdict reversed on the law, with costs, and complaint dismissed, with costs. It is conceded that at the time of the happening of the accident and for approximately two months prior thereto a receiver of rents and profits in an action to foreclose a mortgage was in control of the premises. It necessarily follows that the defendant had been divested of possession and control, and it appears without question that the receiver's janitor was on the premises and had even endeavored to repair the defect prior to the happening of the accident. The general rule that it is possession and control which are the bases of liability, as distinguished from mere ownership, is applicable. Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ., concur.

VICTOR MOORE, Appellant, v. CITIZENS NATIONAL BANK OF FREEPORT, N. Y., Respondent.— Action for specific performance of an alleged contract to relieve the plaintiff from his obligations under a judgment against him in favor of the defendant in the sum of $10,092.83. Judgment for the defendant unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Johnston and Taylor, JJ.

MARGARET E. MORGAN, Appellant, v. IRWIN STEINGUT, Substituted in Place and Stead of ANTHONY J. OBERLE, as Receiver of REALTY CONSTRUCTION CORPORATION, Respondent, and CITY REAL ESTATE COMPANY, Defendant.— Action against a receiver in foreclosure to recover for damages sustained as a result of personal injuries alleged to have been caused by a defective revolving door. Judgment dismissing the complaint unanimously affirmed, with costs. The receiver is under no duty to make repairs. (Woman's Hospital v. Loubern Realty Corp., 266 N. Y. 123; followed in New York Life Insurance Co. v. Hazlitt Realty Corp., Id. 454; Coughlin v. Otis Elevator Co., 244 App. Div. 815; Horan v. O'Reilly, 245 id. 761; Cusimano v. Strong, 247 id. 902.) Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

OSTFRIESLAND REALTY COMPANY, INC., Respondent, v. RUBERG REALTY COMPANY, INC., and Others, Defendants; READING REALTY COMPANY, Appellant; BERNARD SAMUELS, Receiver for Plaintiff, Respondent.— Order denying appellant's motion to vacate and set aside a receivership order in so far as it related to one parcel of property under foreclosure and to have the receiver account for the gross rents, affirmed, in so far as an appeal is taken therefrom, with ten dollais costs and disbursements. The rights of the appellant, if any, may not be determined in a summary manner on a motion in an action to which it is no longer a party. Lazansky, P. J., Young, Carswell, Johnston and Taylor, JJ., concur.

HENRY PAPE and WILHELMINE PAPE, Respondents, v. EMROY CORPORATION, Appellant.— In an action to enjoin a continuing trespass by defendant on the lands of plaintiffs in the course of excavation and for damages, judgment for plaintiffs unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.