John L. Flynn, J.
In this action for personal injuries plaintiffs move to strike an affirmative defense that the action is barred by the Statute of Limitations.
The plaintiffs, husband and wife, were tenants in a multiple dwelling in Bronx County. On January 1, 1958 the plaintiff Isabel Munoz fell while descending a common stairway leading from her apartment to the street. It was ascertained by counsel retained by plaintiffs that the premises were owned by one Anna Pappas, and an action was soon thereafter instituted against her for personal injuries upon the claim that “the stairway * * * was carelessly and negligently maintained by defendant and was defective and dangerous in that the second step had become broken, chipped and a piece had fallen out so that a space or hole had been created in the edge of the step ’
Defendant appeared and answered and the action subsequently came on for trial in June of 1961 when for the first time, while counsel were in conference with the court, plaintiffs’ attorney learned that the premises, at the time of the occurrence of the accident, were in the possession of a receiver theretofore duly appointed in an action to foreclose a mortgage. Thereafter this action was commenced against the receiver upon similar claim of negligence. The receiver, by the same attorney appearing for defendant Pappas, has interposed an affirmative defense that the action is barred by the Statute of Limitations.
In addition to plaintiffs’ motion to strike the defense, there is also before me a cross motion by defendant for judgment on the pleadings and a further motion by plaintiffs for a *751 consolidation of the two actions. They will be considered together.
Concededly, the action against the receiver was commenced after expiration of three years since the accident occurred and it would therefore be barred by the Statute of Limitations (Civ. Prac. Act, § 49, subd. 6) unless the six-year statute is applicable. It is argued that the condition of the stairway constituted a nuisance to which the six-year statute is applicable (Civ. Prac. Act, § 48, subd. 3), but this contention need not long detain us. A similar contention was considered and rejected in Lorberblatt v. Gerst (10 N Y 2d 244) also an action for personal injuries resulting from a fall on a stairway in a multiple dwelling. There it was said (pp. 248-249): “If the cause of action consists in the creation by a defendant of a dangerous condition in the nature of a nuisance, as by the dangerously faulty design of a structure, the six-year statute applies, but the three-year limitation controls if the gist of the cause of action is negligence in failure to remove a dangerous condition which has been created by accident or, at least, not by act or design of the party to be charged.”
In Lorberblatt “ the gravamen of the cause of action is negligence in failure to remove the water, snow and ice alleged to have accumulated on the stairs ”. Here the gravamen of the cause of action is negligence in maintaining the stairway so that a step had been permitted to remain without repair in a chipped and broken condition. In such case the three-year statute applies (Lorberblatt v. Gerst, supra; McFarlane v. City of Niagara Falls, 247 N. Y. 340).
A more perplexing question is presented by the contention advanced by plaintiffs that the cause of action here alleged against the receiver was created by statute (Civ. Prac. Act, § 977-e), and consequently it is controlled by subdivision 2 of section 48 of the Civil Practice Act which provides that “ [a]n action to recover upon a liability created by statute ” must be commenced within six years.
Section 977-c, enacted in 1946, provides as follows: “A receiver of rents and profits appointed in an action to foreclose a mortgage upon real property shall be liable, in his official capacity, for injury to person or property hereafter sustained by reason of conditions on the premises, in a ease where an owner would have been liable. Nothing herein contained shall be construed to enlarge the liability of the receiver in his personal capacity.”
*752 There is thus posed before me the question of whether section 977-c does indeed create a statutory liability not theretofore in existence, as plaintiffs contend, or whether, as defendant asserts, it “ does not create a new liability but merely changes or defines the standard of care which must be applied” (Lorberblatt v. Gerst, supra, p. 248). In this connection no authority has come to my notice dealing particularly with section 977-c. Defendant, however, rests heavily on Lorberblatt wherein the cause of plaintiff’s fall on the common stairway leading from the top floor to the roof was alleged to have been that “ the door opening to the roof at the head of this stairway was not self-closing as required by statute, but had blown open in consequence whereof water, snow and ice formed on the stairway rendering it dangerous and precipitating plaintiff’s fall” (pp. 247-248). In that case the court concluded that “ this statute defined the standard of care to be exercised but did not create the cause of action” (p. 248) and consequently the action was controlled by the three-year Statute of Limitations.
The test to be applied in determining whether a liability is created by statute within the meaning of subdivision 2 of section 48 of the Civil Practice Act is stated in Schmidt v. Merchants Desp. Transp. Co. (270 N. Y. 287, 305) as follows: “ A statute ‘ creates ’ no liability unless it discloses an intention express or implied that from disregard of a statutory command a liability for resultant damages shall arise 6 which would not exist but for the statute.’ (Shepard v. Taylor Pub. Co., 234 N. Y. 465, 468.) The statute may in express terms give to an injured person a cause of action for such damages. Difficulty arises only where the statute does not, in express terms, make any provision for such cause of action.”
Notwithstanding the clarity of statement as to the rule to be applied, that fine problems will arise in its application is well illustrated by the several opinions written in Brady v. Rudin Management Co. (13 A D 2d 80). In that case an action for personal injuries was brought, predicated on subdivision 1 of section 78 of the Multiple Dwelling Law, for failure of the owner to keep a refrigerator in a tenant’s apartment in good repair. There a divided court held the six-year Statute of Limitations to be applicable.
Prior to the decision of the Court of Appeals rendered in 1934 in Woman’s Hosp. v. Loubern Realty Corp. (266 N. Y. 123) there were differences in views with respect to the liability of a receiver in foreclosure for passive negligence. The First Department generally adhered to the view that no liability existed for passive negligence and applications for leave to *753 sue the receiver were usually denied (Matter of Fischer, 168 App. Div. 326). The holding in Woman’s Hosp. established the view of the First Department as the law of the State. ‘1 If no cause of action is alleged against a receiver, obviously no leave to sue him should be granted.” (Woman’s Hosp. v. Loubern Realty Corp., supra, p. 125.)
Since no action for passive negligence could be maintained prior to the enactment of section 977-c, defendant’s reliance on Lorberblatt is misplaced. It is important to observe that in Lorberblatt the court found (p. 248): “ The common-law duty existed on the part of the landlord to maintain this stairway for the common use of the tenants, and the landlord would be liable at common law for negligently caused injury to a tenant resulting from falling on the stairs In view of Woman’s Hosp. I am unable to conclude there was any existing duty on the receiver, prior to the enactment of section 977-c, to maintain the stairway in good repair (1946 Report of N. Y. Law Rev. Comm. pp. 21-29).
In my opinion this action, as in Brady, 11 is one for damages resulting from the breach of a duty nonexistent prior to the statute here involved and therefore a liability thereby created ” (Brady v. Rudin Management Co., 13 A D 2d 80, 83).
Finally defendant contends section 977-c restricts the application of a longer Statute of Limitations than would be applicable to a suit brought against the owner. The contention is without merit. It finds no support either in the language of the statute or in its legislative history. (See 1946 Report of N. Y. Law Rev. Comm., p. 28.) Moreover, “ [i] t is a familiar principle of law that a Statute of Limitations should not be applied to cases not clearly within its provisions; neither should it be extended by construction ” (Matter of Dee v. State Tax Comm., 257 App. Div. 531, 534, affd. 282 N. Y. 617).
Accordingly, plaintiffs’ motion to strike the affirmative defense of the Statute of Limitations is granted and the cross motion for judgment on the pleadings is denied.
There remains for consideration plaintiffs’ motion for a consolidation of the separate actions against the owner and the receiver, respectively. These actions grow out of the same set of facts and involve the same issues. In my opinion the interests of justice will be served by their consolidation and the motion, accordingly, is granted.