## CHARLES MURDOCK
### vs.
## YALE TIRE RUBBER COMPANY

Superior Court    New Haven County    File #34188

Present: Hon. EDWIN C. DICKENSON, Judge.

John Elliott,                    Attorney for the Plaintiff.

Levy & Levy,                    Attorneys for the Defendant.

**MEMORANDUM FILED DECEMBER 3, 1935.**

DICKENSON, J. The receiver was appointed October 23rd, 1930 and confirmed as a permanent receiver November 5, 1930. On or about June 21st, 1933 he made an oral agreement with the claimant to pay $150. a month for the rental of part of a factory building in which machinery belonging to the estate was situated. The Receiver hoped to sell but failed to and stopped paying rent after February, 1934. The

claimant made a motion to a Judge during vacation, July 9th, 1935, for payment and he directed a payment of $500.00 pending full hearing. The claimant now demands a balance of $2350. at the rate of $150. per month to September 21, 1935.

It appears the Receiver was holding over after the February 1934 payment. In such a situation the legal fiction is that the tenancy is not a continuous one but "one for recurring monthly periods recommencing each month". **Williams vs. Apothecaries Hall Company, 80 Conn., 503-506.** And in the ordinary case there is a presumption that it is renewed on the same terms 35 **C.J. 1109.**

A receiver's authority, however, must be found in orders of the Court and all persons dealing with him are chargeable with knowledge of this. **Clark on Receiver's Vol. 1, Secs. 518-519.** "While a receiver may without authority of the Court incur any expense absolutely essential to the preservation and use of the property it is nevertheless the order of the court and not the act of the receiver which creates the charge and upon which its validity depends," 23 **R.C.L. 76 Sec. 82.** And by the same authority while contracts of a receiver made with express or implied authority cannot be annulled at the pleasure of the Court, a contract entered into by the receiver without the sanction of the court may be dealt with by the court as it deems just. "And the court ought, where it can justly do so, to look through any failure on his (the receiver's) part to protect the rights of those interested in the estate and see that they take no harm from his neglect." **City National Bank vs. Stoekel, 103 Conn., 732 at 743.**

Upon hearing it appears from convincing evidence that the room for which the claimant charged $150. a month was worth in the market but $25. a month and in addition the claimant was itself using it for storage. Under these circumstances whatever was the original authority of the receiver under his direction to preserve the assets of the estate to temporarily pay such a sum the presumption that such authority continued to a point where it exhausted rather than preserved the assets can hardly be indulged in.

Recurring contracts of leasing from month to month at an exorbitant rental may not be implied over this long period upon the sole authority to preserve assets. The receiver

should have had an order and the claimant should have seen to it that it was protected by one.

No injustice will be done the claimant by this ruling. On his own authority **Sprague Warner Co. vs. Iowa Mercantile Co. 186 Iowa, 488,** "A receiver may exercise sound discretion in many matters relating to the care and management of the property, subject to the subsequent approval of the Court which will be given when he has acted in good faith and what he has done appears to have been beneficial to the parties, but his appointment is ordinarily primarily for the purpose of preserving the property to the end that it may not be dissipated by the owner but so kept that they may **ultimately be distributed among the parties entitled thereto.**"

The remaining citations of the claimant are little more than authority for the position that a landlord is entitled to the reasonable value of premises occupied by the receiver and as to this doctrine there can be no dispute.

It is found the claimant has received more than reasonable value for the use of his property, that there was no express contract on the part of the Receiver to pay $150. a month after February, 1934, and that none may be implied from the authority given him.

The claim is not allowed.