OPINION OF THE COURT

Per Curiam.

Judgment of conviction rendered May 15, 1978 (Lander, J.) reversed on the facts and the law, and the summons is dismissed.
Preliminarily it is noted that the parties have by stipulation purported to limit the scope of this court’s review as follows: "The sole issue presented on this appeal is the jurisdiction of the Criminal Court of the City of New York over a receiver of real property appointed by the Supreme Court in a foreclosure action in a proceeding brought under the Administrative Code of the City of New York.” The underlying notice of appeal is not so limited, and the court deems the aforesaid stipulation, to the extent that it may purport to limit the jurisdiction of this court, a nullity. In a broader context, as observed by Weinstein-Korn-Miller (vol 2A, par 2104.02): "Stipulations will not be permitted to defeat a public policy embodied in a statute and transcending the interests of the parties * * * A stipulation as to the proper construction of a will, while it might bind adult parties as against each other, will not bind the court in a proceeding to construe the will. Even stipulations as to procedural matters may be refused enforcement if they are disruptive of orderly procedure.” (Cf. Matter of Flanagan, 262 App Div 903.)
We turn now to the issue of whether the conviction of the defendant is supported under the circumstances herein. In this regard we are called upon to decide whether the defendant, as a receiver in foreclosure, should be held criminally liable for failing to comply with a building department order to repair "hazardous violations” in the mortgaged building.
A receiver in foreclosure is a creature of the court, owes allegiance to the court and to neither party in the proceeding. He does not stand in the owner’s shoes; he displaces the owner and collects the rents for distribution only in accordance with the court’s directions. He acts at his peril if his actions find no basis either in the appointing order or a subsequent one *31 (Siegel, New York Practice, p 406; Alexander v Valumet Chocolate Co., 240 App Div 769, 770).
We find no case in this jurisdiction in which a receiver has been held criminally liable for his acts as a receiver. The courts have even refused to recognize his personal liability in tort for passive as opposed to active negligence (Woman’s Hosp. of State of N. Y. v Loubern Realty Corp., 240 App Div 949, affd 266 NY 123; Alta Holding Co. v Ninson Realty Corp., 241 App Div 166).
The court below has cited State v Norfolk & Southern R. R. Co. (152 NC 785) as presumed authority for criminal responsibility of a receiver for crimes committed in the administration of his receivership. Undoubtedly a receiver may not insulate himself from criminal liability — through mere reliance upon his status as a receiver — if he engages in criminal conduct such as, for example, assaulting a tenant, breaking windows in the property, stealing receivership assets, setting fire to the building, or, as in State v Norfolk & Southern R. R. Co. (supra) allowing railroad cars to be parked in the public road.
However, except upon a showing of a clear emergency in which the expenditure of receivership assets would, in relative terms, not be large, the receiver should, before undertaking repairs, obtain the consent of the plaintiff in the action (Title Guar. & Trust Co. v Abrams, 248 App Div 595). Here, the order of appointment forbade the receiver to make repairs costing in excess of $300 — or spend more than he collects— except by court order. Thus the receiver was placed in the untenable position of exposing himself to civil liability if he acted contrary to the court order, while simultaneously exposing himself to criminal liability if he failed to correct the violation (149 Clinton Ave., North v Grassi, 51 AD2d 502, 507). Significantly, the receiver appears to have lacked the funds to make the repairs, and thus application to the court for authority to make such repairs would have been a futile gesture (Griffo v Swartz, 61 Misc 2d 504).
We note further that a tenants’ committee was vested with the power to collect rents, remedy conditions dangerous to life, health, etc. (Real Property Actions and Proceedings Law, §§ 769, 778, 770, subd 1). The record fails to show whether the appointment of the administrator preceded the serving of the violation notice. If it did, the receiver would certainly not have been able to make any repairs (Genuth v First Div. Ave. Realty Corp., 88 Misc 2d 586). Under the circumstances herein *32 we conclude the receiver’s conviction to be unsupported by the facts or the law.
The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30-day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.
Concur: Dudley, P. J., Tierney and Asch, JJ.