OPINION OF THE COURT

Per Curiam.

Order entered June 26,1979 is reversed, with $10 costs, the complaint reinstated in its entirety and stay vacated.
The court below dismissed the third cause of action because of the defendant’s sworn statement that he had never been appointed receiver of the third parcel of property (third cause of action) and that the plaintiff (presumably to rebut that statement) had “failed to come forward with any evidentiary material in its moving papers or in oral argument”. We note parenthetically that the defendant, while denying that he was the receiver of property named in the third cause of action, had previously, in the *354 same affidavit, contradicted himself by swearing that the. insurance covered three premises — for all of which he was appointed receiver.
As to the first and second causes of action, the court held that failure to secure the permission of the court that appointed the receiver did not deprive the court of jurisdiction, but the court stayed those causes pending the obtaining by the plaintiff of leave to sue from the appointing court.
THE THIRD CAUSE OF ACTION
In Rovello v Orofino Realty Co. (40 NY2d 633, 634), the court said: “The issue is whether a motion court may grant judgment under CPLR 3211 (subd [a], par 7), without treating the pleading motion as one for summary judgment, when the complaint is sufficient on its face, but the affidavits submitted indicate, not quite conclusively, that purchaser [the plaintiff] may have no cause of action. Determinative is the notice provision in the 1973 amendment to CPLR 3211 (subd [c]).”
There, as here, the motion under CPLR 3211 had not been converted into a motion for summary judgment “after adequate notice to the parties” (CPLR 3211, subd [c], as amd, eff Sept. 1,1973). There, as here, there was a reasonable chance that the plaintiff might ultimately prevail on the merits. Under those circumstances the Rovello court reversed an order of dismissal as “premature”. Had the motion to dismiss been properly converted to a motion for summary judgment by adequate notice, the plaintiff would have indeed been required to come forth with an evidentiary showing. The court concluded (40 NY2d, at p 636) that after the 1973 amendment “affidavits submitted by the defendant will seldom if ever warrant the relief he seeks unless too the affidavits establish conclusively that plaintiff has no cause of action.” Only where there are no disputed questions of fact and the sole issue is one of law may summary judgment be granted without any notice to the parties of the intended conversion (see O’Hara v Del Bello, 47 NY2d 363, 366, 367-368). Beyond argument, under our liberal rules of pleading, the complaint here states in recognizable form a cause of action in breach of *355 contract: the defendant requested three general liability insurance policies and failed to pay the premiums (cf. Foley v D'Agostino, 21 AD2d 60, 65).
True, the action is against the defendant, as an individual and not as a receiver. Thus, to allege, as does the defendant, that he was never appointed receiver of this property is beside the point and totally unresponsive to the complaint. The dismissal of the third cause of action was unwarranted since it was “predicated upon the erroneous assumption that the action is against the defendant in his official capacity as a receiver” (Knickerbocker Ice Co. v Benson, 155 Misc 738, 740). Even a receiver who “assumes to contract as receiver without authority so to do, *** will be held individually liable” (supra, p 741). Perforce, one not a receiver against whom a plaintiff alleges, in legally acceptable form, that he entered into a contract for insurance and then failed to pay premiums, may not claim as a defense and as a reason to dismiss the complaint, that he was never appointed a receiver of that property.
THE FIRST AND SECOND CAUSES OF ACTION
A receiver has no legal power except “such as is specifically conferred upon him by order of the court” (49 NY Jur, Receivers, § 4). This court has recently held regarding a receiver, “He acts at his peril if his actions find no basis either in the appointing order or a subsequent one” (People v Eisenberg, 100 Misc 2d 29, 30). This receiver was authorized by the appointing court to “insure [the premises] against loss or damage by fire, and to pay any and all insurance premiums thereon”. Referring to this provision, the court below concluded that the defendant entered into the insurance contracts here in issue “in his official capacity” and was therefore not personally bound, citing 149 Clinton Ave. North v Grassi (51 AD2d 502, 507). But the court in 149 Clinton (supra, p 507) also stated: “However, if the plaintiffs’ claims against the Receiver are occasioned by acts or omissions outside the purview of the court’s orders to the Receiver”, then the receiver may be “personally, as distinguished from officially, responsible in contract”, and then also “a suit against him personally would be justified”.
*356 Plaintiff contends that the defendant, under the appointing orders, was only authorized by the court to procure fire insurance, and thus securing personal liability policies, such as are here at. issue, was beyond the purview of those orders. The decretal paragraph at issue provides: ordered, that said Receiver be and he hereby is authorized and empowered to pay any and all taxes, assessments and water rates which are or may become liens upon said premises insured against loss or damage by fire, and to pay any and all insurance premiums thereon”. While the syntax of this paragraph is confused, we do construe it as specifically authorizing the receiver to procure only fire insurance policies for the subject parcels.
The receiver could have applied to the court under the statute (CPLR 6401, subd [b]) to have his insurance power extended, or could have so applied pursuant to the order of appointment which provided for such application specifically (“the said Receiver *** may at any time *** apply to this Court *** for further powers necessary to enable said Receiver properly to fulfill his duties”). He did neither of these things. Since the procuring of general liability policies is not subsumed under the power to procure fire insurance, the plaintiff was free to commence this action, without permission of the court, against the defendant, in his individual capacity, to recover premiums allegedly due upon the three personal liability policies here at issue. Therefore it was inappropriate for the court below to have stayed prosecution of the first and second causes of action.
Concur: Dudley, P. J., Tierney and Riccobono, JJ.