[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR STAY OF EJECTMENT
The defendant, a tenant occupying the foreclosed property, has filed a Motion with the Court requesting a Stay of an Ejectment Order previously issued by the court. The basis for defendant's requested stay is that he has entered into a one-year lease of the premises with a Receiver previously appointed by the court.
A receiver of rents is presumed to be acting according to the will of the appointing judicial authority. Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172, 491 A.2d 1084, Cert. denied474 U.S. 920 (1985) (where the constitutionality of Practice Book §§ 504-510 were upheld). As long as a receiver acts "strictly under the orders of the court appointing him," he cannot be held personally responsible for his actions. Id., 180.
 A receiver's authority . . . must be found in orders of the Court and all persons dealing with him are chargeable with knowledge of this . . . [W]hile contracts of a receiver made CT Page 6217 with express or implied authority cannot be annulled at the pleasure of the Court, a contract entered into by the receiver without sanction of the court may be dealt with by the court as it deems just.
(Citations omitted.) (Internal quotation marks omitted.) Murdock v.Yale Tire Rubber Co., 3 Conn. Sup. 141 (Super.Ct. 1935) (where receiver was acting outside his authority when he leased a room for $150 per month when the market value was only $25 per month).
In Investors Ins. Co. of America v. Gorelick, 441 N.Y.S.2d 151
(1981), the receiver was authorized to procure fire insurance for the premises, but he also procured liability insurance. The court held that "[a] receiver has no legal power except `such as is specifically conferred upon him by order of the court . . . he acts at his peril if his actions find no basis either in the appointing order or a subsequent one.'" (Citations omitted) Id., 152 quotingPeople v. Eisenberg, 100 Misc.2d 29, 30, 420 N.Y.S.2d 962. The court found that the receiver was personally liable for premiums, since he acted beyond the authority given to him by the court. Id., 153.
In the present case, this court appointed a receiver on December 20, 1993. No specific authority to enter into new leases was given to the receiver by this order or a subsequent one. The appointed receiver had no authority to negotiate a new lease with the tenants of the subject property. The Motion for Stay of Ejectment is denied.