[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Seaboard Equities, LLC, and the receiver of rents, Seaboard Property Management, Inc (Seaboard), seek approval of a lease, dated October 17, 1994, that the receiver allegedly entered into with the defendant. Breasy Medical Equipment (U.S.), Inc. (Breasy).
Breasy argues in opposition to this motion that Seaboard should not be allowed to validate the alleged lease because: (1) the October 13, 1992 court order appointing the plaintiff as receiver of rents required court approval of leases; (2) it is already more than three years since the lease was allegedly entered into, and Breasy has vacated the premises; and (3) Seaboard is now seeking approval of the lease because Breasy asserted a defense of lack of approval/lack of a valid lease in a collateral PJR matter pending in Housing Court in Norwalk
A receiver holds property as an arm of the court. HartfordFederal Savings Loan Assn. v. Tucker, 196 Conn. 172, 178,491 A.2d 1084, cert. denied 474 U.S. 920, 106 S.Ct. 250,88 L.Ed.2d 258 (1985). "The object of appointing receivers is to secure the property in dispute from waste or loss." Hartford Federal Savings Loan Assn. v. Tucker, supra, 196 Conn. 175. To that end, the court may deal with contracts made without the requisite court approval "as it deems just." Murdock v. Yale Tire Rubber Co.,
CT Page 55313 Conn. Sup. 141, 142 (1935), see also Shawmut Bank v. Calderwood,
Superior Court, judicial district of Ansonia Milford at Milford, Docket No. 044838 (June 28, 1994, Curren, J.).
In the present case, the court finds it just to approve the lease. The receiver' s duty as an arm of the court is to protect the property. "[T]he court ought, where it can justly do so, to look through any failure on [the receiver's] part to protect the rights of those interested in the [property] and see that they take no harm from [the receiver's] neglect" Murdock v. Yale TireRubber Co., supra, 3 Conn. Sup. 142. The court, therefore, approves the lease and will not allow Breasy to capitalize on the receiver's failure to obtain court approval sooner.
The motion to approve the lease, dated October 17, 1994, between Seaboard, the receiver of rents, and the defendant, Breasy, is granted.
So Ordered.
Dated at Stamford, Connecticut, this 7th day of May, 1998.
RICHARD J. TOBIN, JUDGE