OPINION
Defendant-appellant Allstate Insurance Co. appeals the October 11, 2000 Judgment Entry of the Stark County Court of Common Pleas which awarded prejudgment interest against it. Plaintiff-appellee is Michelle A. Norton.
 STATEMENT OF THE FACTS AND CASE
Appellee was injured in a pedestrian-traffic accident on July 4, 1994. Appellee first made a claim for underinsured motorist coverage in 1996. At that time, appellant did not deny appellant's claim, but instead requested additional information. Appellee took no further action until July of 1999, when she made a second claim for underinsured motorist coverage. Appellant denied the claim on August 26, 1999.
On December 20, 1999, appellee filed a complaint for declaratory judgment. The matter proceeded to a jury trial on August 28, 2000. In an August 29, 2000 Judgment Entry, the trial court granted judgment in favor of appellee in the amount of $90,000 pursuant to the jury verdict.[1]
On September 5, 2000, appellee filed a Motion for Prejudgment Interest pursuant to R.C. 1343.03(A). In an October 11, 2000 Judgment Entry, the trial court granted appellee's motion and awarded prejudgment interest on the entire award from the date of the accident. It is from this judgment entry appellant prosecutes its appeal, assigning the following error:
 THE TRIAL COURT ERRED, TO THE APPELLANT'S PREJUDICE, IN THE AWARD OF PREJUDGMENT INTEREST RENDERED IN FAVOR OF APPELLEE.
 I
In its sole assignment of error, appellant maintains the trial court erred in awarding prejudgment interest to appellee. Appellant's assignment of error is divided into two subsections. First, appellant maintains the trial court erred in granting any prejudgment interest as a matter of law. Second, appellant maintains the trial court erred in awarding prejudgment interest on that portion of appellee's award relating to future damages. We disagree with both of appellant's contentions.
R.C. 1343.03(A) governs prejudgment interest and states as follows:
 (A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any * * * instrument of writing,* * * and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum * * *
An appellate court's review of a trial court's calculation of prejudgment interest is governed by an abuse of discretion standard.Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
In Landis, supra, the Ohio Supreme Court stated:
 Whether the prejudgment interest in this case should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date at which arbitration of damages would have ended if Grange had not denied benefits, or some other time based on when Grange should have paid Landis is for the trial court to determine. Upon reaching that determination, the court should calculate, pursuant to R.C. 1343.03(A), the amount of prejudgment interest due Landis and enter an appropriate order.
Landis, 82 Ohio St.3d 339, 342.
In its October 11, 2000 Judgment Entry, the trial court conducted an extensive analysis of the applicability of prejudgment interest and the appropriate trigger date for such an award. The trial court stated:
 Plaintiff requests that the trigger date for prejudgment interest start on the date of the accident (July 4, 1994). Defendant argues that if prejudgment interest is awarded, the trigger date should be the day the complaint for declaratory relief was filed (December 20, 1999). In support of her argument, Plaintiff relies on the following language in the Allstate policy, which states:
 Coverage Agreement
 We will pay those damages which an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury sustained by an insured person or an additional insured person.
 A similar provision was construed in the remanded case of Landis v. Grange Mutual Insurance Co. (1999), 100 Misc.2d 31 (Court of Common Pleas, Erie Cty.). The trial court determined that the language of the insurance policy fixes the contractual obligation as of the date of the accident. Id. However, as both counsel point out, there are differing opinions on this trigger date by other courts.
 In looking at the totality of the circumstances in the instant matter, this Court finds that the trigger date is the date of the accident and that prejudgment interest shall be awarded from that date (July 4, 1994) to August 29, 2000.
Judgment Entry at 4-5.
It is clear the trial court based its decision on the totality of the circumstances in the case. In light of this fact, and based upon the above-quoted language in Landis, we cannot find the trial court abused its discretion in ordering prejudgment interest to be calculated from the date of the accident, particularly in light of the trial court's reliance on the policy language that damages are payable when the insured person is legally entitled to recover from the uninsured or underinsured tortfeasor (i.e., the date of the accident). Accordingly, that portion of appellant's first assignment of error is overruled.
Appellant also asserts the trial court erred in awarding prejudgment interest on appellee's future damage award. The trial court also analyzed this issue in its October 11, 2000 Judgment Entry. Specifically, the trial court noted the actions of the First District Court of Appeals inBowman v. Progressive Casualty Ins. Co. (1999), Hamilton App. No. C-990281, unreported, wherein the Court tacitly acknowledged it could be appropriate to calculate prejudgment interest upon both past and future damages.
In Bowman, the First District announced a bright line test for the award of prejudgment interest. The Court found where the amount of coverage is less than the insured's damages, prejudgment interest should be calculated from the date of the accident. Where the insured's coverage exceeds his or her damages, no prejudgment interest should be awarded.Id. at 3.
We note our disagreement with the First District's bright-line test in light of the Supreme Court's decision in Landis, supra. In Landis, the Court noted factors the trial court could consider in reaching a determination of the appropriate trigger date. For example, the Landis
Court specifically mentioned prevention of the insurance company's use of money due and payable to another for their own financial gain, and an insurance company's decision to deny benefits and whether such decision "led both parties on a lengthy and tortuous journey through the judicial system." Landis, 82 Ohio St.3d at 341.
At no time did the Supreme Court discuss coverage exceeding damages — the sole factor used in the Bowman Court's bright-line test. We agree with our brethren from the First District "counsel for both the insurer and the insured are entitled to more guidance from the courts."Bowman at 2-3. However, we are bound to follow the procedure announced inLandis — the trigger date for any award of prejudgment interest is "for the trial court to determine." Landis, 82 Ohio St.3d at 342.
We find no abuse of discretion in the trial court's calculation of prejudgment interest under the statute, including prejudgment interest on future damages. R.C. 1343.03(A) provides for prejudgment interest on "all judgments." The statute does not distinguish between past or future damages. Accordingly, the second portion of appellant's first assignment of error is overruled.
Appellant's sole assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the October 11, 2000 Judgment Entry of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
Hoffman, P.J. Boggins, J. concur. Farmer, J. dissents.
[1] On September 15, 2000, appellant filed a Motion to Set-Off the verdict with the amount appellee received from the tortfeasor ($33,260.68). In the October 11, 2000 Judgment Entry, the trial court set off that amount making the actual award against appellant $56,739.32 ($90,000 minus $33,260.68).