[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action brought by the plaintiff, New Haven Center for Performing Arts, Inc., against the defendant, Greater New Haven Performing Arts Center, Inc., for the reason that defendant's right or privilege to occupy the premises has terminated. A second count, brought on the basis of lapse of time, was withdrawn by the plaintiff in open court.
The plaintiff's claim, essentially, is that the lease entered into by the defendant and SRDC-FHC Joint Venture (Plaintiff's Exhibit J) was extinguished by operation of the lis pendens statute and by the judgment of foreclosure. The plaintiff's case in chief was largely presented by way of a stipulation of facts, including the following:
 1. On or about June 15, 1989, Plaintiff's predecessor in title, RKO-Palace Theatre Associates, LP, granted to Schiavone Realty and Development Corp. a mortgage . . .
 3. On or about September 14, 1992, First Constitution Bank commenced a foreclosure . . . of said Mortgage and recorded a notice of lis pendens pursuant to Connecticut General Statutes § 52-325, which notice of lis pendens was recorded on September 16, 1992 . . .
 10. On or about March 1, 1997, the Defendant entered into a written lease . . . for the Premises . . .
 8. On July 15, 1999, a judgment of strict foreclosure was entered in favor of Robert Matthews, Trustee, the substituted plaintiff in the Foreclosure, and pursuant to said judgment, title to the Premises vested in CT Page 15548 Robert Matthews, Trustee on August 2, 1999. A certificate of foreclosure evidencing the same and containing a true and accurate copy of the judgment in the Foreclosure was recorded on August 4, 1999 . . .
"Our Supreme Court has repeatedly held that when a lease is subsequent to the mortgage, as in the present case, the lease is extinguished upon the foreclosure by the mortgagee and the passing of the law days without a redemption." Federal Home Loan Mortgage Corp. v. Van Sickle,52 Conn. App. 37, 44 (1999).
The defendant argues that the lease was entered into by the receiver of rents and "cannot be annulled by the pleasure of the Court" Murdock v.Yale Tire Rubber Company, 3 Conn. Sup. 141, 142 (1935). "When a receiver of rents is appointed to take charge of property in a foreclosure action, he becomes an officer of the court and holds the property as such. His possession is not that of the foreclosing mortgagee." FirstFidelity Bank v. Schiavone, 1995 Ct. Sup. 9267, 15 CLT 51 (1995). Since the foreclosing court specifically authorized the receiver to enter into leases "from time to time . . . as may be necessary," defendant continues, this court cannot now set aside the lease.
The defendant's argument must fail for several reasons. First, the argument is dependent on the court accepting the testimony of the defendant's witnesses that the parties to the lease were misidentified in the lease document and that the receiver of rents was actually the lessor. Over the plaintiff's strenuous objection, the court allowed the testimony of Craig Schiavone, Joel Schiavone, and Robert Walczak on the issue of mutual mistake of the parties.
 To warrant the reformation of a contract on the ground of mutual mistake, the mistake must have been common to both parties, and it must appear that by reason of it both have done what neither intended, and the evidence should be clear, substantial, and convincing as to both these facts.
Snelling v. Merritt, 85 Conn. 83, 100 (1911). The court found the testimony on this issue to be convoluted, contradictory, and unpersuasive, and the defendant failed to prove that the lease clearly misidentified the parties.
Next, the foreclosing court, in entering the Order of Judgment of Strict Foreclosure, included the following language:
 the defendants and any person or entity claiming CT Page 15549 possession of the premises through any of the defendants under any conveyance or instrument executed or recorded subsequent to the date of the recording of the lis pendens or whose interest shall have been thereafter obtained by descent or otherwise, shall deliver up possession of the subject property to Robert v. Matthews, Trustee under Trust Agreement dated March 31, 1999.
This court will not substitute its judgment for that of the foreclosing court, and it will assume that the Federal District Court was aware of the implications of all of the language in its order.
Finally, had the defendant been able to establish that the receiver was a party to the lease and that the foreclosing court did not intend to invalidate the lease, its argument would still fail. The defendant's special defense relies on a currently existing lease term. Article II (Term) of the lease reads as follows:
 Section 1. The term of this Lease shall commence as of March 1, 1997, and shall continue for a period of twelve (12) consecutive months.
 Section 2. Lessee has the exclusive right to extend the term of the Lease for two additional terms of five additional years each, for the same rent and upon the same terms and conditions, upon the prior written notice to Lessor (emphasis added).
The defendant offered neither testimony about exercising the right to extend the lease nor a copy of a written notice of lease extension. The court finds that the defendant has not established that the lease was renewed beyond the first lease term, which expired on February 28, 1998.
For all of the foregoing reasons, the court enters judgment of possession in favor of the plaintiff.
BY THE COURT
Leavitt, J.